IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LANETTE COPELAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO.: |
| v. ) | |
| ) | _____ |
| ALLIANCE CAS, LLC, ) | |
| ) | |
| Defendant. ) | JURY TRIAL DEMANDED |
| ) | |

**COMPLAINT FOR DAMAGES**

Plaintiff Lanette Copeland ("Plaintiff" or "Copeland") brings this action against Defendant Alliance CAS, LLC ("Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.* ("FBPA").

**JURISDICTION AND VENUE**

1.

This action arises out of Defendant's illegal and improper efforts to collect a consumer debt, and includes violations of the FDCPA and FBPA.

2.

Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 & 1337, as well as 28 U.S.C. § 1367.

Page 1 of 19

3.

This Court has personal jurisdiction over Defendant for the purposes of this action because Defendant transacts business in the State of Georgia, the committed acts that form the basis for this suit occurred within the State of Georgia, and Defendants has a registered agent in the state of Georgia.

4.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because the acts underlying this action occurred within the Northern District of Georgia, Plaintiff is a resident of the Northern District of Georgia, and Defendant has a registered agent in the Northern District of Georgia.

## RELEVANT FEDERAL AND STATE STATUTES

### Fair Debt Collection Practices Act

5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. 15 U.S.C. § 1692.

6.

Under the FDCPA, a "consumer" is a natural person obligated or allegedly

obligated to pay any debt. 15 U.S.C. § 1692a (3).

7.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a (5).

8.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a (6).

9.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000, and attorney's fees as determined by the Court and costs of the action. 15 U.S.C. § 1692k.

**Georgia's Fair Business Practices Act**

10.

The purpose of the FBPA is "to protect consumers and legitimate business

enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state." OCGA § 10-1-391 (a).

11.

A violation of the FDCPA also constitutes a violation of the FBPA. *1st Nationwide Collection Agency, Inc. v. Werner,* 288 Ga.App. 457 (2007). *Gilmore v. Account Management, Inc.*, 357 Fed.Appx. 218 (11th Cir. 2009).

**PARTIES**

12.

Plaintiff is an individual who is a resident of Rockdale County, Georgia.

13.

Plaintiff resides in the Northern District of Georgia.

14.

Plaintiff is a "consumer" as that term is defined by the FDCPA.

15.

Defendant is a limited liability company organized under the laws of the State of Delaware that regularly transacts business within the State of Georgia.

16.

Defendant's regular business transactions within the State of Georgia includes providing debt collection services to homeowner associations within the State of

Georgia and targeting Georgia residents with those debt collection activities.

17.

Defendant maintains its registered office at Corporation Service Company, 2 Sun Court Suite 400, Peachtree Corners, Georgia 30092.

## FACTUAL ALLEGATIONS

18.

Plaintiff is an individual who is a natural person.

19.

According to Defendant's website, Defendant is "a full-licensed third-party collection agency" that regularly contracts with communication associates "to collect debts on their behalf."

20.

On Defendant's website, Defendant identifies itself as a debt collector.

21.

Defendant is registered with the State of Florida as a consumer collection agency.

22.

Defendant is a member of ACA International, an association of credit and collection professionals, and lists itself as engaged in "Third Party Collections" in

its ACA International membership profile.

23.

Defendant regularly collects or attempts to collect debts due or alleged to be due to others.

24.

The principal purpose of Defendant's business is the collection of any debts.

25.

The principal record address for Defendant is in Boston, Massachusetts.

26.

The principal office address for Defendant is in Dania Beach, Florida.

27.

Defendant's registered agent in Georgia is Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

28.

Upon information and belief, Defendant does not maintain a place of business within the State of Georgia.

29.

Upon information and belief, Defendant does not keep assets within the State

of Georgia.

30.

Defendant sought to collect from Plaintiff for an alleged debt arising from transaction incurred for personal, family or household purposes, and not for business purposes.

31.

Plaintiff owns a home in the Summit Creek Community located in Conyers, Georgia.

32.

The homeowner's association for the Summit Creek Community is the Summit Creek Community Association, Inc. (the "HOA").

33.

The property management company employed by the HOA at all relevant times was Georgia Community Management, Inc. ("GCM").

34.

Defendant caused a lien to be placed on Plaintiff's home in the amount of $1,887.92 on or about January 6, 2020 (the "First Lien") for amounts allegedly past due.

35.

A true and correct copy of the First Lien is attached hereto as Exhibit "A" except that Plaintiff's personal information has been redacted.

36.

GCM mailed Plaintiff an invoice dated February 16, 2021, that stated a balance due of $1,987.50 ("Feb. 16th Invoice").

37.

A true and correct copy of the Feb. 16th Invoice is attached hereto as Exhibit "B" except that Plaintiff's personal information has been redacted.

38.

Defendant, claiming to represent Plaintiff's HOA, sent Plaintiff a statement dated February 26, 2021, claiming Plaintiff owed $5,926.33 as of said date ("Feb. 26th Alliance Statement").

39.

A true and accurate copy of the Feb. 26th Alliance Statement is attached hereto as Exhibit "C" except that Plaintiff's personal information has been redacted.

40.

The Feb. 16th Invoice and the Feb. 26th Statement are dated 10 days apart but vary by thousands of dollars in the amount claimed owed.

41.

Defendant intentionally sent the Feb. 26th Alliance Statement to Plaintiff.

42.

The alleged debt was incurred for personal, family, or household purposes and represents amounts allegedly owed to the HOA by Plaintiff for her personal residence.

43.

Defendant acquired the right to try and collect the alleged debt after it was already in default or otherwise delinquent.

44.

The differences in the amount claimed owed in the Feb. 16th Invoice ($1,987.50) and the Feb. 26th Alliance Statement ($5,926.33) led to Plaintiff being confused as to the correct amount owed, the basis of those amount owed, and to whom the alleged debt was owed.

45.

The Feb. 26th Alliance Statement includes expenses and costs which are not authorized to be sought from Plaintiff.

46.

The collection fees and costs in the amount stated in the Feb. 26th Alliance Statement are incorrect, and not permitted by law or contract.

47.

On or about March 31, 2021, Plaintiff paid $2,186.25 to the HOA in order to have the First Lien removed from Plaintiff's property.

48.

The aforesaid check posted to Plaintiff's checking account on or about April 29, 2021.

49.

Despite the aforesaid payment, Defendant has failed and refused to cancel the First Lien.

50.

Defendant continued to send Plaintiff inaccurate statements demanding that Plaintiff pay amounts not owed.

51.

On or about September 13, 2021, Defendant mailed a "Collection Placement" of the same date to Plaintiff ("Sept. 13th Collection Letter").

52.

A true and accurate copy of the Sept. 13th Collection Letter is attached hereto as Exhibit "D" except that Plaintiff's personal information has been redacted.

53.

The Sept. 13th Collection Letter stated that Plaintiff owed the HOA the sum of $3,232.93.

54.

On or about Sept. 13, 2021, Plaintiff did not owe the HOA the sum of $3,232.93.

55.

Defendant caused a second lien to be placed on Plaintiff's home in the amount of $3,953.79 on or about October 21, 2021 (the "Second Lien") for amounts allegedly past due.

56.

A true and correct copy of the Second Lien is attached hereto as Exhibit "E" except that Plaintiff's personal information has been redacted.

57.

On or about Oct. 21, 2021, Plaintiff did not owe the HOA the sum of $3,953.79.

58.

On or about October 22, 2021, Defendant mailed a "Notice of Lien" of the same date to Plaintiff ("Oct. 22nd Notice of Lien").

59.

A true and accurate copy of the Oct. 22nd Notice of Lien is attached hereto as Exhibit "F" except that Plaintiff's personal information has been redacted.

60.

The Oct. 22nd Notice of Lien stated that Plaintiff owed the HOA the sum of $4,079.93.

61.

On or about October 22, 2021, Plaintiff did not owe the HOA the sum of $4,079.93.

62.

On or about November 16, 2021, Defendant mailed a "Notice of Intent to File Suit" of the same date to Plaintiff ("Nov. 16th Notice").

63.

A true and accurate copy of the Nov. 16th Notice is attached hereto as Exhibit "G" except that Plaintiff's personal information has been redacted.

64.

The Nov. 16th Notice stated: "**Summit Creek Community Association Inc's** records indicate, as of the date of this letter, you owe a total of $4,699.22 in past-due assessments and other charges, which includes collection fees and costs of $3,168.24."

65.

On or about November 16, 2021, Plaintiff did not owe the HOA the sum of $4,699.22.

66.

As Defendant never canceled the First Lien of $1,887.92 and caused the Second Lien of $4,079.93 to be recorded on October 21, 2021, Defendant has now caused liens to be filed against Plaintiff totaling $5,967.85 even though Defendant as of November 16, 2021, only claims that Plaintiff owes $4,699.22.

67.

Defendant is engaged in a pattern and practice of attempting to collect amounts from Plaintiff and other homeowners that are incorrect and not permitted

by law or contract.

68.

Defendant's actions impact the public consumer marketplace most notably by creating an unfair competitively economic playing field for both those debt collection agencies and HOA collection law firms that do not engage in unfair or deceptive behavior, and do not seek to charge improper collection fees or impose improper collection costs.

## CAUSES OF ACTION

### Count I

### Violations of the Fair Debt Collection Practices Act

69.

Defendant sought to collect incorrect amounts from Plaintiff through its multiple collection letters and liens.

70.

Defendant improperly sought to collect fees and costs not permitted by law or contract.

71.

Defendant has engaged in unfair, deceptive, and unconscionable means of attempting to collect debts.

72.

The actions of Defendant as described above within the last year violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

73.

Plaintiff incurred actual damages in the form of stress, anxiety, and emotional distress as a direct result of the actions of Defendant within the last year as described above.

74.

Defendant's acts caused additional particularized harm to Plaintiff in that the false and deceptive information Defendant provided to Plaintiff hindered Plaintiff from making the necessary decisions regarding the prioritization of her debt, among other things.

75.

Defendant is also liable for statutory damages of up to $1,000, plus reasonable court costs and attorneys' fees in accordance with the FDCPA.

## Count II

## Violations of Georgia's Fair Business Practices Act

76.

Defendant's contradictory and conflicting statements in its collection letters, statements provided to Plaintiff as to the amount of the alleged debt, liens filed, as well as the basis of that alleged amount, are unfair or deceptive acts or practices in the conduct of consumer transactions.

77.

The actions of Defendant in seeking to collect the incorrect amounts from Plaintiff within the last year are unfair or deceptive acts or practices in the conduct of consumer transactions.

78.

Defendant's collection actions Plaintiff were intentional.

79.

Defendant's unfair and deceptive acts or practices within the last year caused Plaintiff to suffer stress, anxiety, and emotional distress.

80.

Defendant's unfair and deceptive acts or practices within the last year violated Georgia's Fair Business Practices Act.

81.

Defendant's violations of the FBPA makes it liable to Plaintiff for the actual damages detailed above.

82.

Defendant's violation of the FBPA makes it liable to Plaintiff for "reasonable attorneys' fees and expenses of litigation incurred."

83.

Defendant's intentional acts in violation of Georgia's FBPA make it liable to Plaintiff for treble damages and exemplary damages.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff:

a. an award of statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k (a) (2) (A);

b. an award of actual damages pursuant to the FDCPA;

c. an award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d. an award of treble and exemplary damages pursuant to the FBPA;

e. an award of costs of litigation and reasonable attorneys' fees pursuant to

the FPBA and Georgia law; and

f.  for such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted, this 25th day of February, 2022.

**HURT STOLZ, P.C.**

/s/  James W. Hurt, Jr.
By:  James W. Hurt, Jr.
Georgia Bar No.:  380104

1551 Jennings Mill Road, Suite 3100-B
Watkinsville, Georgia 30677
(706) 395-2750
Facsimile: (866) 766-9245
jhurt@hurtstolz.com

**THE KOVAL FIRM, LLC**

/s/  Steven H. Koval
By:  Steven H. Koval
Georgia Bar No. 428905

3575 Piedmont Road
Building 15, Suite 120
Atlanta, Georgia 30305
Telephone: (404) 513-6651
shkoval@aol.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in LR 5.1(B). The foregoing COMPLAINT FOR DAMAGES was prepared on a computer, using Times New Roman 14 point font.

Respectfully submitted, this 25th day of February, 2022.

**THE KOVAL FIRM, LLC**

/s/  Steven H. Koval
By:  Steven H. Koval
Georgia Bar No. 428905
3575 Piedmont Road
Building 15, Suite 120
Atlanta, Georgia 30305
Telephone: (404) 513-6651
E-mail: Steve@KovalFirm.com